TELECI, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Teleci, Inc. v. Commissioner
Docket No. 19933-82.
United States Tax Court
T.C. Memo 1984-594; 1984 Tax Ct. Memo LEXIS 80; 49 T.C.M. (CCH) 64; T.C.M. (RIA) 84594; November 9, 1984. Frank M. Wheeler, for the petitioner. John S. Repsis, for the respondent. GOFFE MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined an addition to petitioner's Federal income tax for the taxable year 1976 in the amount of $62,153.80 under section 6651(a)(1) [1] for failure to timely file its return. The only issue for decision is whether petitioner's failure to timely file its Federal income tax return for the taxable year 1976 was due to reasonable cause and *81 not due to willful neglect. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and accompanying exhibits are so found and incorporated herein by reference. Petitioner Teleci, Inc. (hereinafter referred to as "the corporation"), is a Tennessee corporation engaged in the business of selling, installing and servicing telephone equipment. At the time of the filing of its petition, the corporation's principal place of business was Irving, Texas. The corporation utilizes an accrual system of accounting with a fiscal year of 52-53 weeks. The corporation's taxable year 1976 began on January 3, 1976, and ended on December 31, 1976. Prior to April 1976, the corporation was partially owned by Holiday Inns, Inc., which advanced the corporation at least $1,566,876, none of which was repaid. The corporation treated these advances as contributions to capital. The corporation had a history of large losses and had accumulated a considerable net operating loss *82 carryover. In April 1976, Holiday Inns, Inc., terminated its ownership in the corporation. In December 1976, the corporation hiredHouston Payne, who was then 29 years old, as its financial vice-president. This position included the following responsibilities: supervision of the general accounting staff; management of the firm's financing; supervision of the corporation's bill collection and leasing activities; and the filing of Federal and approximately 30 state income tax returns. Mr. Payne had been previously employed as a certified public accountant with a "big 8" accounting firm's Washington, D.C., audit staff. While employed as an accountant, Mr. Payne did not usually do any corporate tax work. Shortly after Mr. Payne began work for the corporation and while he was gathering data for the tax return for the taxable year 1976, he discovered that the corporation's Federal income tax return for the taxable year 1975 understated the corporation's loss by about $200,000. Thus, it became necessary for Mr. Payne to prepare an amended Federal income tax return for the taxable year 1975 and approximately 30 amended state income tax returns. Mr. Payne also devoted considerable *83 time in mid-1977 to a tire recapping joint venture with which the corporation was involved. The corporation's Federal income tax return for the taxable year 1976 was originally due on or before March 15, 1977. Prior to March 15, 1977, Mr. Payne filed a Form 7004, Application for Automatic Extension of Time to File Corporation Income Tax Return, on behalf of the corporation with the appropriate Internal Revenue Service Center and received an extension for filing until June 15, 1977. He later filed a Form 7005, Application for Additional Extension of Time to File Corporation Income Tax Return, and received another extension of the corporation's 1976 Federal income tax return due date until August 15, 1977. By September 1, 1977, Mr. Payne had initially completed the corporation's Federal income tax return for the taxable year 1976. He signed the return on September 1, 1977, but did not mail it in because of unspecified uncertainties concerning its contents. In a letter dated October 28, 1977, the Internal Revenue Service informed the corporation that its Federal income tax return for the taxable year 1976 had not been received. In a response dated November 28, 1977, Mr. *84 Payne replied that necessary filing information was not obtained until after the extended filing deadline, i.e., August 15, 1977, and this prevented the corporation from filing the return prior to August 15, 1977. The corporation's Federal income tax return for the taxable year 1976 was finally filed with the Internal Revenue Service on December 3, 1977. The return that was filed bore a September 1, 1977, dated and showed a loss of $326,354 and a net operating loss carryover from 1975 of $541,133. Subsequent to the filing of its Federal income tax return for the taxable year 1976, the corporation agreed to an adjustment in its income for the taxable year 1976 as the result of Holiday Inns, Inc.'s forgiveness of the corporation's indebtedness to it. As the result of this adjustment, the corporation's income for the taxable year 1976 was increased by $1,566,876. In a timely notice of deficiency dated May 10, 1982, the Commissioner determined that the imposition of an addition to tax pursuant to section 6651(a)(1) was warranted in the amount of $62,153.80 for failure to timely file the corporation's Federal income tax return for the taxable year 1976. OPINION The *85 sole issue for decision is whether petitioner's late filing of its Federal income tax return for the taxable year 1976 was due to reasonable cause rather than willful neglect which would absolve it of liability for the addition to tax under section 6651(a)(1). This issue is primarily a question of fact to be decided upon all of the surrounding circumstances. . Petitioner has the burden of proof. , affg. a Memorandum Opinion of this Court; ; Rule 142(a). To prevail, petitioner must demonstrate both its lack of willful neglect and the presence of reasonable cause. ; ; , affd. per curiam , cert. denied . The pertinent part of section 301.6651-1(c)(1), Proced. & Admin. *86 Regs., provides that a delay is due to reasonable cause "[i]f the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time * * *." Petitioner contends that it has established that the late filing of its Federal income tax return for the taxable year 1976 was due to reasonable cause and not willful neglect based upon the following matters: (1) petitioner hired a conscientious, but young, individual with an auditing background as its financial vice-president; (2) Mr. Payne diligently sought to compile the necessary information required to prepare accurate and complete returns but had numerous other demanding job responsibilities as well; (3) due to Mr. Payne's audit background, he felt it was more prudent to file a return with which he was satisfied instead or one that might not be accurate in all respects; (4) Mr. Payne did not receive all of the necessary filing information prior to the extended filing deadline; (5) Mr. Payne could not imagine any way that petitioner might owe tax because of the corporation's large loss for the taxable year 1976 and substantial net operating loss carryover *87 from the taxable year 1975; and (6) the indebtedness forgiveness adjustment creating petitioner's taxable income for the taxable year occurred substantially after the Federal income tax return for the taxable year 1976 had been filed. Respondent contends that petitioner has failed to demonstrate both reasonable cause and the absence of willful neglect with respect to the late filing of its Federal income tax return for the taxable year 1976. He initially notes that section 6012 and attendant regulations require every corporation subject to income taxation to file a return regardless of the amounts of its gross income or taxable income. Respondent adds that this Court has held that the failure of a corporation to realize taxable income during the year in issue does not constitute reasonable cause under section 6651(a)(1).[2] Further, respondent asserts that absent reliance on competent counsel who has knowledge of all relevant facts, a taxpayer's erroneous belief that he did not have to file a return is not reasonable cause. , affd. on this issue . Moreover, *88 respondent contends that Mr. Payne's claim that he delayed filing the return until he could verify the accuracy of matters contained therein as of September 1, 1977, is not supported by the record, as noevidence was presented to show the nature of Mr. Payne's concerns or how those concerns were allayed by the additional information he received between September 1 and December 3, 1977. Finally, respondent notes that this Court has held that a claim of being "too busy" does not constitute reasonable cause for late filing. , affd. . After considering the parties' arguments in light of the record, we agree with respondent that petitioner has failed to carry the burden of proving that the failure to timely file its Federal income tax return for the taxable year 1976 was due to reasonable cause and not the result of willful neglect. While Mr. Payne's desire to file a complete and accurate return is exemplary, he was unable to specifically state: (1) the nature of his concerns *89 with respect to the return as it existed on September 1, 1977; (2) the additional information needed to verify the return's accuracy; (3) the efforts made to secure this data; (4) when this additional information was finally obtained; and (5) how this additional information either verified the accuracy of the return as it existed on September 1, 1977, or what additional changes were made to the return after September 1, 1977, and prior to its delivery to the Internal Revenue Service Center several months later. Further, no satisfactory explanation was offered as to why petitioner did not seek another extension of time in which to file the tax return forthe taxable year 1976 when the August 15, 1977, deadline approached and passed. Finally, while we do not doubt that Mr. Payne was totally consumed by numerous other job responsibilities, a taxpayer must arrange his priorities in light of our holding that a plea of being "too busy" is insufficient to relieve a taxpayer of his obligation to timely file returns. Accordingly, the Commissioner's determination is sustained. Rule 142(a). Decision will be entered for respondent. *90 Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, and all rule references are to this Court's Rules of Practice and Procedure.↩
2. .↩